Chief Justice Robehtson,
delivered the opinion of the court.
Fowler conveyed to Chiles a tract of land for the consideration of §800, covenanting to warrant the title against himself and all persons claiming under him, and to pay “the consideration for so much 'of the land as may be taken by better claim or claims.'”
On this deed, Chiles brought an action of covenant •against Fowler, averring that a part of the land con-Vej ed “liad been taken by other claims better” than that of Fowler, and assigning, as a breach, the non-payment of the consideration for the land so taken.
Fowler pleaded that Chiles had not been “evicted by a paramount title, as he hath in his declaration alleged.”
The circuit court sustained a demurrer to this plea; and thereupon, Fowler pleaded that he had ‘■‘■performed ■his covenant,” on which issue was taken.
On this issue, without any proof of eviction, the jury found a verdict for Chiles, for ,§'1016 45 cents, for which the court gavejudgment. This writ of error is prose-■cutéd to reverse this judgment.
Eviction by paramount title or ouster by warrantor, or someone claiming under him, necessary to sustain action for breach of warranty of land against “better claim or claims.”
Three errors have been assigned.
1st. “The court erred in sustaining.the demurrer to the first plea.”
2d. “The court erred in not sustaining the demurrer to the declaration.”
3d. “The court erred in not instructing the jury as in case of a non-suit.”
There was no demurrer to the declaration. The eirorin sustaining the demurrer to the plea, was not waived by pleading over. The plea was not withdrawn. It was a good plea.
The legal effect of the warranty, is that the consideration would be refunded “pro raía,” in the event of a legal eviction. If there had been no such eviction, by paramount title, there was no breach of the covenant, unless there had been an ouster by Fowler or by some other person claiming under him. Cro. Eli., 914; Cro. Ib., 425.
The covenant is two fold.
1st. Against the tortious act of the covenantor or of any person claiming under him.
2d. Against a legal eviction, by any person, under a superior and independent title.
The declarationnot only does not aver a breach of the first branch of the covenant, but clearly negatives any inference that there had been such a breach. The only breach complained of, is that the land “was taken by superior claims.” Therefore, if there had been no legal eviction, by paramount title, there had been no breach; and consequently, the plea was substantially a good bar to the action.
It is also obvious, that the verdict and judgment exceed the legal standard of damages. The amount of damages for eviction had been liquidated by the covenant. It was restricted to the principal sum given for the land, which should be lost. The whole consideration was only ‡800; only a part of the land is alleged to have been lost, and yet the judgment is for upwards * of $ 1000.
But the assignment of errors does not touch this error ;and,therefore, the judgmentremains unaffected by it*
If plaintiffin covenant for warranty have never been in possession, judgment against him in proper ■action to obtain possession equivalent to judgment of evic- , tion when he has possession.
Not always sufficient to assign breach of covenantin the words of •covenant.
There was no error in overruling the motion for a non-suit. The issue imposed the onus on the plaintiff in error. By pleading that he had performed his covenant, he virtually admitted the allegation, that the land or a part of it, had been taken by a title, or by titles, superior to his, and assumed on himself the burthen of proving that he had paid according to his covenant, for the land so taken. The defendant in error was not bound to prove any thing.
But not only was the first plea good in substance, but if it had been insufficient, the demurrer to it ought to have been overruled, because the declaration is radically defective.
We have stated‘that a legal eviction was indispensi-ble to the existence of a good cause of action, on the covenant. This could be proved by record evidenoe only. If the defendent in error had been in possession of the land, he could not maintain this suit, until he had been evicted by the judgment of a competent court, founded on title paramount to that of the plaintiff in error. If the defendant had never been in possession, a judgment against him, in a suit instituted by him, against an adversary claimant in possession, might have been equivalent to a formal eviction; and in either case, he might maintain his suit for a breach of covenant. But he has not averred any such formal or constructive legal eviction. The allegations in his declaration cannot be construed to amount to such covenant.
It is true, that the breach is assigned in the words of the covenant. But this is not always sufficient. It is necessary, in an action of covenant, to aver a breach according to the legal effect of the language of the deed.' In an action of covenant, for a breach of a covenant of general warranty, it would not be sufficient to aver only that the defendant did not “warrant and defend the title,” and that the land had been taken by a superior claim.
The declaration should be explicit, and aver expressly a legal eviction. Such an averment is equally indispensable in this case.
Wherefore, as the first plea was substantially good, •and the declaration is essentially defective, the judgment of the circuit court must be reversed, and the cause remanded for proceedings consistent herewith.